UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| BUBBA GANDY SEAFOOD X MARKET, LLC. and GANDY SEAFOOD X MARKET, LLC. | * * * * | |
| Plaintiffs, | * * | CIVIL ACTION NO |
| v. | * * * | |
| KOJO ASANTE, INDIVIDUALLY, and ASANTE CAPITAL INVESTMENTS, LLC | * * * * | |
| Defendants. | * | |

**COMPLAINT**

Plaintiffs Bubba Gandy Seafood X Market, LLC ("Bubba Gandy") and Gandy Seafood X Market, LLC., ("Gandy") by counsel, alleges as follows for their Complaint against Kojo Asante, Individually ("Asante") and Asante Capital Investments, LLC. ("Asante Capital").

**NATURE OF THIS ACTION**

1. This is an action against Asante and Asante Capital for trademark infringement under the Lanham Act. 15 U.S.C. 1114, 1116, 1117, 1125(d). Further, Gandy brings pendent state claims for breach of contract by the Defendants.

2. Bubba Gandy files this action against an entity that infringes upon its trademark without license, has been, and continues to be, irreparably damaged by Defendant's

1

willful actions that cause consumer confustion as well as tarnishment and dilution of its valuable trademark. Consequently, Bubba Gandy seeks injunctive and monetary relief.

## PARTIES

3. Plaintiff Bubba Gandy is a Tennessee Limited Liability Company with its principal place of business located at 2525 Keith Drive, Columbia, Tennessee. Plaintiff Gandy is a Florida Limited Liability Company with its principal place of business located at 3712 E. 3rd Street, Panama City, Florida 32401. Both Bubba Gandy and Gandy have identical ownership.

4. Upon information and belief, Defendant Kojo Asante is an individual who conducts business in Davidson County, Tennessee. Asante Capital is a Tennessee Limited Liability Company whose principal place of business is located at 4066 Lake Parkway, Hermitage, Davidson County, Tennessee 37076. It is controlled by Asante.

5. Defendants conduct business in the State of Tennessee, including the unlicensed use of Bubba Gandy's and Gandy's trademark, trade secrets, and confidential information to sell their products within the State of Tennessee.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act. U.S.C. 1051, *et, seq.;* 28 U.S.C. 1338(a)-(b), 1331 and 1121.

7. Personal jurisdiction over Defendants is proper in this Court based on Defendant's contacts and location with the State of Tennessee. This action arises from the transaction of Defendant's business in Tennessee, and the Defendants regularly do or solicits business or has derived substantial revenue from services rendered in

Tennessee. Moreover, the acts at issue either took place or had intended effects in Tennessee. Specifically, Plaintiff Bubba Gandy claims against the Defendants for trademark infringement are based on: (1) the Defendant's misuse and unlicensed us of Bubba Gandy trademark to hold itself out as a licensed franchise in order to market and sell seafood (2) the Defendant's sale and shipment of goods under Defendant's unlicensed use of Bubba Gandy's trademark; and, on information and belief, (3) the Defendant's use of instrumentalities in this District to promote and sell products through the unlicensed use of Bubba Gandy's trademark or confusingly similar domain name. A google search of Bubba Gandy or Gandy is directed to a website controlled by the Defendants.

8. Venue is proper in this Court pursuant to 28 U.S.C. 1391, in that a substantial part of events or omissions giving rise to the claim occurred in this Judicial District. The Defendant resides in and directly targets business activities toward consumers in the United States, including Tennessee and this District, through at least Defendant's main place of business. The Defendant is committing tortious acts in Tennessee, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of Tennessee.

## BACKGROUND FACTS

9. Bubba Gandy specifically chose the logo to represent its brand, and was launched in Florida and Tennessee. Since that time, Bubba Gandy's trademark have become renowned.

10. Bubba Gandy and Gandy sell via a network of retail stores in Tennessee and Kentucky via a Franchise Agreement with Gandy. Its licenses the use of its trademark to

3

reputable retailers that maintain high standards set by Plaintiffs.

11. The Plaintiffs use its trademark in connection with the marketing of seafood on a retail basis. Plaintiff's distinctive trademark symbolize the brand's marketability, reputation and goodwill. Its U.S. trademark includes the following example shown as Exhibit 1: ("Trademark")

12. The Plaintiffs trademark has been used exclusively and continuously by it for over four (4) years and has never been abandoned. The U.S. registration for the trademark is valid, subsisting, in full force and are incontestable pursuant to 15 U.S.C. 1065. A true and correct "status" copy of this registration, obtained from the Trademark Status Document Retrieval (TSDR) database of the United States Patent and Trademark Office is attached hereto as Exhibit 1. The registration for the Bubba Gandy Trademark constitutes *prima facie* evidence of its validity and of Bubba Gandy exclusive right to use its Trademark pursuant to 15 U.S.C. 1057(b).

13. Plaintiffs have spent thousands of dollars and have expended significant effort in advertising, promoting and developing its trademark throughout Tennessee and Kentucky.

## DEFENDANTS' UNLAWFUL CONDUCT

14. Asante Capital operates a retail seafood market and take out restaurant in Hermitage, Tennessee.

15. An online search for "Gandy Seafood" is directed to a website named "Gulf Port Seafood Market." Upon information and belief which is owned by the Defendants.

4

Case 3:24-cv-00382   Document 1   Filed 04/03/24   Page 4 of 10 PageID #: 4

## COUNT 1: TRADEMARK INFRINGEMENT

16. Plaintiff hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 15.

17. This is a trademark infringement action against the Defendants based on their unauthorized use in commerce of the federally registered Gandy Seafood trademark in connection with the sale, offering for sale, distribution and/or advertising of goods.

18. The Gandy Seafood's trademark is a distinctive mark.

19. The Defendants offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products using the Gandy Seafood's trademark without Plaintiff's permission.

20. Bubba Gandy is the exclusive owner of the trademark. Plaintiff's United Sates Registration for its Trademark are in full force and effect. See Exhibit 1. Upon information and belief, the Defendant has knowledge of Plaintiff's rights in the trademark and is willfully infringing and intentionally using the trademark. The Defendant's willful, intentional and unauthorized use of the trademark is likely to cause, and is causing, confusion, mistake, and deception as the relationship between Defendant and Plaintiff.

21. The Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act. 15 U.S.C. 1114.

22. Plaintiff Bubba Gandy has no adequate remedy at law and if the Defendant's actions are not enjoined, Plaintiff Bubba Gandy will continue to suffer irreparable harm to its reputation and the goodwill of its trademark.

23. The injuries and damages sustained by Plaintiff have been directly and proximately caused by the Defendant's wrongful use of the trademark.

## COUNT 2: PENDENT STATE CLAIMS
## BREACH OF CONTRACT

24. Plaintiffs hereby incorporates by reference the allegations set forth in Paragraphs 1 through 23.

25. That the Plaintiff Gandy entered into a Franchise Agreement titled "Gandy Seafood Cajun Market Franchise Agreement" ("Franchise Agreement") with the Defendant Asante Capital on or about February 1, 2021. At that time, the Defendants paid Gandy an initial Franchise Fee of Ten Thousand Dollars and 00/100 ($10,000.00). Asante also, individually signed a Guarantee Indemnification And Acknowledgment ("Guarantee") unconditionally guaranteeing Asante Capital's obligations under the Franchise Agreement.

26. That an exemplar copy of that Franchise Agreement is attached hereto as Exhibit 2. ("Franchise Agreement") Attached thereto is the Guarantee.

27. Pursuant to Paragraph 6.2 of the Franchise Agreement, Asante Capital was to make weekly payments of the greater of five percent (5%)of the weekly gross revenue or Five Hundred and 00/100 ($500.00) a week to Gandy as franchisor.

28. Starting on April 20, 2021, the Defendants began making royalty payments to Gandy.

29. The payments stopped after November 2022. Asante Capital has defaulted under the terms of the Franchise Agreement by failing to pay the Royalty Fees after November 2022.

30. Under Section 15 of the Franchise Agreement the Defendants were to provide financial reports of their point of sale weekly records of gross revenue together with other financial information.

31. The Defendants defaulted under the terms of Section 15 of the Franchise Agreement by failing to provide any financial records as required by that Paragraph.

32. Some payments were made starting April 20, 2021 and continued until November 1, 2022. Thereafter no payments were made.

33. Gandy requests that an accounting be made by the Defendants on all weekly gross revenue since April 1, 2021 and provide all financial documents required by Section 15 of the Franchise Agreement.

34. Section 13 of the Franchise Agreement defined the Confidential Operations Manual. That manual was furnished to the Defendants. Even after termination of the Franchise Agreement as set forth in Paragraph 35 below those materials have not been returned to Gandy as required by Section 20.8 of the Franchise Agreement.

35. Final notice of termination was given to the Defendants by letter dated August 1, 2023. A copy of that letter is attached hereto as Exhibit 3. That letter demanded that the Defendants cease operations at its retail location by July 28. 2023.

36. Irrespective of the termination of the agreement, the Defendants have continue to operate a retail location identical to the operation conducted under the Franchise Agreement. The branding colors are still used as well as custom seafood cases, a menu board, refrigerated and frozen products, dips, seasonings, prepared foods and prepacked items all from Gandy's approved vendors.

37. Section 21.3 of the Franchise Agreement it states as follows:

> "Post-Term Covenants. You covenant that, except as otherwise approved in writing by us, you shall not, for a continuous, uninterrupted period of two (2) years commencing upon the date of (a) a transfer permitted under Section 18 of this Agreement, (b) expiration of this Agreement (c) termination of this Agreement (regardless of the cause for termination), or (d) a final order of a duly authorized court of

7

competent jurisdiction (after all appeals have been taken) with respect to any of the foregoing or with respect to enforcement of this Section 21.3, either directly or indirectly, for itself, or through, on behalf of, or in conjunction with any person or legal entity, including any Immediate Family, own, maintain interest in (as owner or otherwise) any Competitive Business that: (a)(i) is the same as, or substantially similar to, a GANDY SEAFOOD CAJUN MARKET store; or (ii) offers to sell or sells any food or beverage items, products, services, or other items which are the same as, or substantially similar to, any of the food and beverage items, products, services, or other items offered by a GANDY SEAFOOD CAJUN MARKET store; and (b) is, or is intended to be, located at or within "

The Defendants are in violation of this provision by operating the retail location at 3441 Lebanon Pike #113, Hermitage, Davidson County, Tennessee 37076 without the approval of Gandy..

38. They further, are in violation of Section 20.1 of the Franchise Agreement by continuing to operate after termination.

39. Section 20.7 of the Franchise Agreement provides for "Liquidated Damages" As the Franchise Agreement was terminated due to the Defendants default liquidated damages are due in an amount to be calculated after the accounting required by the Franchise Agreement.

## PRAYER FOR RELIEFS

A. That the Defendants and their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, though, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using the trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner that implies that it is, or is otherwise related to, or

associated or affiliated with the Plaintiff, including the use of the Trademark;

b. Committing any acts calculated to cause consumers to believe that the Defendants are related, associated, or affiliated with The Plaintiffs;

c. Further infringing the Trademark and damaging Plaintiff's goodwill; and

d. Operating a store prohibited by Sections 20.1 and 21.3 of the Franchise Agreement.

B. That the Defendants account for and pay to the Plaintiff all profits realized by the Defendant by reason of the Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. 1117(d);

C. The Plaintiffs be awarded statutory damages as provided by 15 U.S.C. 1117(d);

D. That the Defendants be ordered to return to the Plaintiffs all manuals and confidential information of the Plaintiffs;

E. That the Plaintiffs be awarded all damages pursuant to Paragraph 20.7 of the Franchise Agreement;

F. That the Plaintiffs be awarded prejudgment interest at the rate of 18% per annum or as allowed by applicable law on all monetary damages awarded hereunder;

G. The Plaintiffs be awarded their reasonable attorney's fees and costs as allowed by applicable law and the Franchise Agreement and Guarantee;

H. Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

BY: */s/ George R. Fusner, Jr.*
GEORGE R. FUSNER, JR., #005614
Attorney for Plaintiffs
7104 Peach Court
Brentwood, TN 37027
(P) (615) 251-0005
(F) (615) 379-2303
Email: gfusner@aol.com
melissa@gfusnerlaw.com

10

Case 3:24-cv-00382   Document 1   Filed 04/03/24   Page 10 of 10 PageID #: 10